THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-00258 RAJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT JOHN SANFT'S MOTION TO REQUIRE ADMISSION OF CERTAIN STATEMENTS UNDER RULE OF COMPLETENESS** |
| v. | |
| LOUIE SANFT, JOHN SANFT, and SEATTLE BARREL AND COOPERAGE COMPANY, | |
| Defendants. | |

This matter having come before the Court on the motion of Defendant John Sanft for an order requiring the United States to offer certain excerpts of John Sanft's recorded interview conducted by federal agents into evidence pursuant to the rule of completeness, the Court finds as follows.

On March 8, 2019, EPA-CID agents executed a search warrant on Seattle Barrel and Cooperage Company. The agents thereafter interviewed Louie and John Sanft. During the interview of John Sanft, he told federal agents that he was one of Seattle Barrel's plant managers and reported to Louie Sanft, the owner and president of the company. John Sanft told the agents that he had suspected Dennis Leiva, Seattle Barrel's other plant manager, was illicitly discharging liquid waste to the sewer because

he had seen and removed a hose he regarded as suspiciously placed by Mr. Leiva. John Sanft told the agents that he warned Dennis Leiva against discharging anything from the Seattle Barrel plant to the sewer.

The government seeks to withhold from the jury statements by John Sanft to the effect that he twice conveyed his suspicions about Leiva to his supervisor, defendant Louie Sanft. These include John Sanft's statement to EPA that he warned Louie: "I think Dennis might be dumping stuff" (J. Sanft Tr., 99:15-16), "I think Dennis is dumping stuff down the drain" (*id.* at 114:17-18), and "Dennis is pouring stuff down the drain" (*id.* at 124:13-14). These proposed redactions are in many cases immediately adjacent to other statements that the government intends to introduce into evidence at trial.

The government's proposed redactions would render the remainder of John Sanft's statements misleading by creating the false impression that John knew or reasonably suspected that Leiva was improperly discharging liquid waste to the sewer, but failed to relay his concerns up the company's chain of command and was therefore complicit. The government wants to offer statements showing John Sanft's purported knowledge, intent, and complicity. But, by omitting John Sanft's statements to Louie Sanft, the owner of Seattle Barrel, the government would conceal statements made in the very same interview, and sometimes within seconds of the statements it intends to offer, that rebut that very same inference.

///

ORDER GRANTING DEFENDANT JOHN SANFT'S MOTION TO
REQUIRE ADMISSION OF CERTAIN STATEMENTS UNDER RULE
OF COMPLETENESS- 2

Federal Rule of Evidence 106 provides as follows:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

Rule 106 "partially codified" a longstanding common-law doctrine known as the rule of completeness. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171-72 (1988). At common law, the rule of completeness provided that "[i]n evidencing the tenor of an utterance material or relevant, made in words, whether written or oral in original or in copy, the whole of the utterance on a single topic or transaction must be taken together." 21A Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence,* § 5072 (2d ed. 2005) (quoting J.H. Wigmore, *Code of Evidence* 371 (3d ed. 1941)). The partial codification of the common-law doctrine in Rule 106 implies that the common-law rule remains in effect to the extent it would apply more broadly than Rule 106 itself. *See, e.g.,* 21A Wright & Graham, *supra,* § 5072.1 (*Beech Aircraft* "impliedly held that Rule 106 does not repeal the common law completeness doctrine"); 1 Kenneth S. Broun, *McCormick on Evidence,* § 56, at 392 n.5 (7th ed. 2013) (*Beech Aircraft* implies "the uncodified aspect of the [completeness doctrine] is still in effect in federal court").

The completeness rule applies when "one party has made use of a portion of a document [or recorded statement], such that misunderstanding or distortion can be averted only through presentation of another portion" of the document or statement. *Beech Aircraft*, 488 U.S. at 172; *see also United States v. Castro-Cabrera*, 534

ORDER GRANTING DEFENDANT JOHN SANFT'S MOTION TO
REQUIRE ADMISSION OF CERTAIN STATEMENTS UNDER RULE
OF COMPLETENESS- 3

F.Supp.2d 1156, 1159-60 (C.D. Cal. 2008) (the rule of completeness "aims to avoid misrepresentation of a statement by requiring presentation of those portions of the statement that are relevant to understand its meaning"). *See also United States v. Bailey*, 322 F.Supp.3d 661, 664 (D. Md. 2018).

Noting that the completeness rule "was designed to prevent the government from offering a 'misleadingly-tailored snippet'" of a statement, the court in *Castro-Cabrera* found that the rule "warrants admission of statements in their entirety when the government introduces a portion of" statements that are "*inextricably intertwined*." 534 F.Supp.2d at 1159-60 (quoting *United States v. Collicott,* 92 F.3d 973, 983 (9th Cir. 1996)) (emphasis added). Two statements should be deemed inextricably intertwined "when the meaning of a statement, if divorced from the context provided by the other statement, is different than the meaning the statement has when read within the context provided by the other statement." *Id.*

Rule 106 "permits the party against whom the incomplete information has been introduced to require the introduction of completing information at the same time," through the Rule's so-called "acceleration clause." *Bailey*, 322 F.Supp.3d at 665. As noted above, the rule states that the court may "require the introduction, *at that time*" of evidence "that in fairness ought to be considered *at the same time*" as evidence introduced by the adverse party. Fed R. Evid. 106 (emphasis added). "Rule 106 explicitly changes the normal order of proof in requiring that … evidence [that falls within the scope of the rule] must be 'considered contemporaneously' with the evidence

already admitted." *United States v. Sutton*, 801 F.2d 1346, 1368-69 (D.C. Cir. 1986) (quoting version of Fed. R. Evid. 106 prior to 2011 amendment).

In the criminal context, the rule of completeness also implicates a defendant's Fifth Amendment rights because a defendant who has elected not to testify may be penalized by the government's introduction of a misleading excerpt of a statement that the defendant will not be able to contextualize or explain. *See, e.g., United States v. Quinones-Chavez,* 641 F. App'x 722, 732 (9th Cir. 2016) (Fisher, J., concurring in part) ("[w]hatever the limits of the trumping function of the rule of completeness, at minimum it should apply in the particular circumstances where the government has abused the asymmetrical nature of the hearsay rule in a criminal trial and exclusion under the hearsay rule would implicate a criminal defendant's Fifth Amendment right not to testify on his or her own behalf"); *see also United States v. Walker*, 652 F.2d 708, 713 (7th Cir. 1981) (the government's "selective presentation of [defendant's] prior testimony" penalized defendant for declining to testify at his second trial).

Whether the government introduces any of John Sanft's interview at trial is a matter of discretion. If, however, the government chooses to introduce excerpts from the interview—as it has informed defendants it intends to do—the rule of completeness and Rule 106 require that it do so in a manner that will not mislead the jury and unfairly prejudice John Sanft's defense. This means that the government cannot selectively edit John Sanft's statements to EPA in his March 8, 2019 interview to remove the assertion that he warned his supervisor about Leiva, leaving the clear but false impression that

John failed to take this action in response to his suspicions and was therefore complicit. The Court finds that Rule 106 and fairness require the government to enter into evidence John Sanft's statements to the agents that he warned his supervisor about Leiva in order to avoid presenting misleading evidence to the jury.

Now, therefore, IT IS HEREBY ORDERED that should the government offer into evidence any portions of John Sanft's interviews with federal agents conducted on March 8, 2019, the government is required to submit to the jury all of John Sanft's statements to the agents that he warned Louie Sanft about Dennis Leiva's actions.

DATED this 4th day of August, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge